UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEPHEID, | No. C-12-4411 EMC |
| Plaintiff, | |
| v. | **AMENDED ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |
| ROCHE MOLECULAR SYSTEMS, INC. and F. HOFFMAND-LA ROCHE LTD., | **(Docket Nos. 31, 39, 45)** |
| Defendants. | |

Currently pending before this Court is Defendant Roche Molecular System's ("RMS") motion to stay Counts I and II of the Complaint, and to dismiss Counts III and IV for lack of subject matter jurisdiction. In conjunction with its motion, Defendant RMS submitted a motion to file portions of its brief and certain supporting exhibits under seal pursuant to Local Rule 75-9. Docket Nos. 31. The basis for this request is twofold.

First, the motion to stay is based on currently pending arbitration proceedings, and the arbitration tribunal in those proceedings has issued guidance indicating that materials submitted in the course of arbitration is confidential and should be disclosed to a court or government authority only where required. While the arbitral tribunal has encouraged the parties to stipulate to a confidentiality agreement governing those proceedings, it does not appear that this has yet occurred.

Second, the parties in this case were at one point parties to a licensing agreement that provided that the terms of such agreement should be confidential.

1   Accordingly, Defendant RMS seeks to file under seal exhibits that are confidential within the
2   scope of the guidance of the arbitral tribunal or the confidentiality agreement of the licensing
3   agreement.  It further seeks to redact such confidential information from the publically filed version
4   of its motion.  Plaintiff does not oppose Defendant RMS's motion, and further requests that two
5   additional sections of Defendant's motion be filed under seal.  Docket No. 37.  Defendant RMS does
6   not oppose redacting the additional sections of the motion.  *Id.*

7   Plaintiff has filed a similar motion to file portions of its response and its supporting exhibits
8   under seal.  Docket No. 39.  Defendant RMS has filed a second motion to file portions of its reply
9   under seal.  Docket No. 45.

10  Documents may be filed under seal only by order of the Court.  Local Rule 79-5.  "A sealing
11  order may issue only upon a request that establishes that the document, or portions thereof is
12  privileged or protectable as a trade secret or otherwise entitled to protection under the law."  *Id.*
13  Further, requests to file documents under seal "must be narrowly tailored to seek sealing only of"
14  materials sealable under the above standard.  *Id.*  Having reviewed the submissions of the parties,
15  this Court determines that their requests to file the above-discussed materials under seal appear to
16  comply with the standard set forth in Local Rule 79-5.

17  Accordingly, Defendant's first motion to file under seal (Docket No. 31) is **GRANTED** with
18  the modifications requested by Plaintiff (Docket No. 37).  Plaintiff's motion to file under seal
19  (Docket No. 39), and Defendant's second motion to file under seal (Docket No. 45) are likewise
20  **GRANTED.**  Counsel are directed to electronically file the above referenced documents under seal
21  pursuant to General Order 62 by noon Pacific Time on December 14, 2012..  Counsel may obtain
22  more information about electronically filing documents under seal via the Court website
23  (www.cand.uscourts.gov) and also the Court's ECF website
24  (https://ecf.cand.uscourts.gov/cand/index.html).

25  As it appears that the statements of the arbitral tribunal on confidentiality were provided only
26  as interim guidance until such a time as the parties could reach stipulations regarding the
27  confidentiality of those proceedings, the parties are **ORDERED** to provide this Court with an update
28  when such stipulations are reached.  This Court will consider at that time whether a modification of

this order allowing the parties to file these documents under seal is appropriate. Furthermore, because the directive of the interim guidance is general, the Court reserves the authority to reexamine upon motion or sua sponte the order herein.

This order disposes of Docket Nos. 31, 39 & 45.

IT IS SO ORDERED.

Dated: December 13, 2012

_____
EDWARD M. CHEN
United States District Judge