COOLEY LLP
Mark F. Lambert (197410)
mlambert@cooley.com
Lam K. Nguyen (265285)
lnguyen@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
Stephen S. Rabinowitz
srabinowitz@friedfrank.com
Randy C. Eisensmith (*Pro Hac Vice*)
randy.eisensmith@friedfrank.com
Michael A. Kleinman (*Pro Hac Vice*)
michael.kleinman@friedfrank.com
One New York Plaza
New York, New York 10004-1980
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

Attorneys for Defendant
ROCHE MOLECULAR SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CEPHEID,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROCHE MOLECULAR SYSTEMS, INC. and F. HOFFMANN-LA ROCHE LTD.,<br><br>　　　　　　Defendants. | Case No. 3:12-cv-04411-EMC<br><br>**DEFENDANT ROCHE MOLECULAR SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF CEPHEID'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE CIVIL L. R. 7-3(d) SUBMISSION** |

## I. ARGUMENT

### A. Cepheid's Administrative Motion Should be Denied As Improperly Filed Under Civil Local Rule 7-11

Cepheid has improperly filed its motion as an "administrative motion" pursuant to Civil Local Rule 7-11. *See* Plaintiff's Administrative Motion for Leave to File Plaintiff's Civil L. R. 7-3(d) Submission ("Pl.'s Motion") (D.I. 61). However, administrative motions under Civil Local Rule 7-11 are reserved for "'miscellaneous administrative matters, not otherwise governed by federal statute,' typically including motions 'such as motions to exceed otherwise applicable page limitations or motions to file documents under seal.'" *Hess v. Astrazeneca Pharm., L.P.*, No. C 06-0572 PJH, 2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006) (quoting Civ. L. R. 7-11). They are not "the appropriate vehicle for resolution of the substantive arguments raised by the parties," because such substantive arguments accelerate the time for the non-movant to respond and impede its ability to adequately respond. *Id.*

Here, Cepheid's proposed "posthearing statement" (D.I. 61-2) consists entirely of substantive arguments on the merits of this action. Moreover, by appending its submission to an "administrative motion" and serving Roche Molecular Systems ("RMS") late in the day on the Friday before a holiday weekend (December 28, 2012), Cepheid "fail[ed] to give the parties – and specifically the . . . defendants here – adequate opportunity to be heard." *Id.* The appropriate mechanism for seeking leave to file a substantive statement is through a duly noticed motion pursuant to Civil Local Rule 7-2. This would have accorded RMS the benefit of "the standard rules governing time constraints on motions." *Dister v. Apple-Bay East, Inc.*, No. C 07-01377 SBA, 2007 WL 4045429, at *3 (N.D. Cal. Nov. 15, 2007) (citing Civ. L. R. 7-2 and 7-3). Thus, Cepheid's "administrative motion" should be denied as improperly filed under Civil Local Rule 7-11.

### B. The Court Should Deny Cepheid Leave to File Its Posthearing Statement Under Civil Local Rule 7-3(d)

Civil Local Rule 7-3(d) prohibits a party from filing "additional memoranda, papers or letters" without prior Court approval, once a reply has been filed by the movant, except for (i) an Objection to Reply Evidence, or (ii) a Statement of Recent Decision. *See* Civ. L. R. 7-3(d)(1) & (2); *accord Aircraft Technical Publishers v. Avantext, Inc.*, No. C 07-4154 SBA, 2009 WL 4348334, at *3-4 (N.D. Cal. Nov. 19, 2009). Neither of these scenarios provides a predicate for Cepheid's extraneous submission.[1] Thus, Cepheid was required to seek "<u>prior</u> Court approval" before filing its postage statement. Civ. L. R. 7-3(d) (emphasis added). Nevertheless, Cepheid has ignored the Civil Local Rules and filed its proposed supplemental paper <u>contemporaneously</u> with its "administrative motion" for leave to file a Rule 7-3(d) supplementary submission. *See* D.I. 61, 61-2. This provides an independent ground to deny Cepheid's "administrative motion."

Further, Cepheid's motion should be denied because it has had multiple opportunities to address the subject of its supplemental submission, but failed to do so. Cepheid purports to justify its Rule 7-3(d) posthearing statement as "address[ing] a question that was not briefed by the parties." Pl.'s Motion at 1, lines 1-5. Yet, Cepheid's characterization of this question is patently false, because RMS placed this issue front and center in its opening memorandum by arguing that the Roche-Cepheid Arbitration in Switzerland regarding the '375 patent had motivated Cepheid's attempt to manufacture a dispute as to the '155 patent. *See, e.g.*, Defendant Roche Molecular Systems, Inc.'s Notice of Motion and Motion to Stay Counts I & II Under the Federal Arbitration Act and Dismiss Counts III & IV Under Federal Rule of Civil Procedure 12(b)(1), at 3, lines 17-20; *id.* at 18-19.

---

[1] Any submission under these provisions would be untimely in any event. *See* Civ. L. R. 7-3(d)(1) (an objection to reply evidence must be filed not more than seven days after the reply was filed, or not more than ten days if the reply was not served through the ECF system); Civ. L. R. 7-3(d)(2) (statement of recent decision must be filed "<u>before</u> the noticed hearing date" (emphasis added)).

Thus, Cepheid was on notice, and had every opportunity, to respond in its opposition memorandum, and at oral argument, concerning the parties' dispute concerning the '375 patent and its impact, if any, on declaratory judgment jurisdiction as to the '155 patent. Indeed, in its opposition, Cepheid even cited on multiple occasions to *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358 (Fed. Cir. 2009), without making any reference to the issue of litigation history. *See* Plaintiff's Opposition to Defendant Roche Molecular Systems, Inc.'s Motion to Stay Counts I and II Under the Federal Arbitration Act and Dismiss Counts III and IV Under Federal Rule of Civil Procedure 12(b)(1), at 10, line 24 & 12, line 3. That case now resurfaces as a focus of its proposed posthearing statement. Civil Local Rule 7-3(d) is not properly invoked as a mechanism for voicing afterthoughts on matters already submitted in a complete record due to one party's belief — in hindsight — that it could have or should have addressed such matters more effectively in its papers or in oral argument.

## II. CONCLUSION

For the reasons set forth above, the Court should deny leave to Cepheid to file its proposed posthearing statement and should strike D.I. 61-2 from the record. In the alternative, if the Court grants Cepheid leave to file its posthearing statement, RMS seeks leave of the Court to submit a brief response, which is annexed hereto as Exhibit A.

Dated: January 4, 2013
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP

 /s/ Stephen S. Rabinowitz
Stephen S. Rabinowitz
Attorneys for Defendant
ROCHE MOLECULAR SYSTEMS, INC.

3

**FILER'S ATTESTATION PURSUANT TO L.R. 5-1(i)(3)**

I, Mark F. Lambert, attest that concurrence in the filing of **DEFENDANT ROCHE MOLECULAR SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF CEPHEID'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE CIVIL L. R. 7-3(d) SUBMISSION** has been obtained from the Signatory hereto.

Executed this 4th day of January, 2013, at Palo Alto, California.

*/s/ Mark F. Lambert*
Mark F. Lambert (SBN 197410)